UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, *et al.*,

    Plaintiff,

v.

D&M PROPERTY MAINTENANCE, INC.,

    Defendant.

Civil Action No. 13-1518 (CKK)

MEMORANDUM OPINION
(January 17, 2014)

The Service Employees International Union National Industry Pension Fund ("the SEIU Pension Fund") and the Fund's Trustees (collectively, "Plaintiffs"), filed suit against Defendant D&M Property Maintenance, alleging that the Defendant failed to submit remittance reports and contributions to the fund for the months of December 2011 through November 2012 and August 2013. *See* Compl., ECF No. [1]. The Plaintiffs further allege that the Defendant owes supplemental contributions on these unpaid contributions as well as interest and liquidated damages due to its failure to make the required payments. Presently before the Court is the Plaintiff's [8] Motion for Partial Default Judgment. The Plaintiffs seek an order from this Court requiring Defendant to submit the delinquent reports for the months of December 2011 through December 2012. The Plaintiffs also request that the Court retain jurisdiction to enter an Order for all contributions, supplemental contributions, interest and liquidated damages due for the months of December 2011 through November 2012. Upon consideration of the Plaintiffs'

submissions[1], including the attachments thereto, applicable case law, statutory authority, and the record of the case as a whole, the Court GRANTS the Plaintiffs' [8] Motion for Partial Default Judgment. The Court shall order the Defendant to submit the delinquent remittance reports for the months of December 2011 and November 2012. This Court shall retain jurisdiction to enter an Order for any contributions, supplemental contributions, interest, and liquidated damages due once the delinquent remittance reports have been received as well as to address any future motion by the Plaintiffs for attorneys' fees and costs.

## I. BACKGROUND

The Defendant is a party to a Collective Bargaining Agreement ("CBA") with the SEIU, Local 1, and is bound by the SEIU Pension Fund's Trust Agreement and Collections Policy. Compl. ¶ 9-12. The CBA requires employers to make specific contributions to the SEIU Pension Fund based on the number of compensable hours worked by the Defendant's employees. *Id.* ¶ 10-11. Employers are also required to submit monthly remittance reports reflecting the contributions owed to the fund. *Id.* ¶ 13. Under the Collections Policy, if an employer like the Defendant fails to timely remit its monthly contributions, the employer is liable for 10% annual interest on the late contribution. *Id.* ¶ 14. If the fund files suit to collect late payments, the employer is further liable for liquidated damages in the amount of 20% of the late contributions, as well as costs and reasonable attorney's fees. *Id.*

The Plaintiffs filed suit alleging that the Defendant failed to submit remittance reports or contributions for the months of December 2011 through November 2012 and August 2013. *Id.* ¶ 24. The Plaintiffs also allege that the Defendant owes the fund supplemental contributions on

---

[1] Compl., ECF No. [1]; Pls.' Mot. for Partial Default J., ECF No. [8] ("Pls.' Mot."); Pls.' Mem. in Supp. of Mot. for Default J., ECF No. [8] ("Pl.'s Mem.").

these unpaid contributions, interest, and liquidated damages. *Id.* The Defendant was served with process but failed to file a timely response to the Complaint. The Clerk of the Court entered a default against the Defendant on November 15, 2013. The Plaintiffs subsequently filed the present motion, seeking an order requiring the Defendant to submit these outstanding reports and conduct an accounting of the outstanding amounts due for the unreported months of December 2011 through November 2012.[2] The Plaintiffs also request that the Court retain jurisdiction to enter judgment for any contributions, supplemental contributions, interest, and liquidated damages due once the delinquent remittance reports have been received as well as to address any future motion by the Plaintiffs for attorneys' fees and costs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must enter a party's request for a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the Clerk, a party may move the court for a default judgment. Fed. R. Civ. P. 55(b)(2). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall*, 531 F.Supp.2d at 57 (citation omitted).

---

[2] The Plaintiff's motion does not mention the August 2013 remittance report referred to in the Complaint.

The Clerk of the Court entered a default as to the Defendant on November 15, 2013, therefore the factual allegations in the Complaint are taken as true. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F.Supp.2d 26, 30 (D.D.C. 2002). The Court finds that the Plaintiff's Complaint sufficiently alleges facts to support their claims. The Plaintiffs are thus entitled to default judgment as to the Defendant's liability for its failure to pay certain charges in connection with late contributions, and for its failure to submit remittance reports and contributions for December 2011 through November 2012.

### III. DISCUSSION

While the entry of default establishes the Defendant's liability, the Court is required to make an independent determination of the amount of damages to be awarded, unless the amount of damages is certain. *Int'l Painters & Allied Trades Indus. Pension Fund v. Davanc Contracting, Inc.*, 808 F.Supp.2d 89, 94 (D.D.C. 2011). In this case, because the Defendant failed to submit remittance reports for December 2011 through November 2012, the specific amount of damages owed to the SEIU Pension Fund cannot be determined for those months. Pursuant to the CBA, the Defendant was obligated to submit the monthly reports indicating the contributions owed to the fund. As of the date of the Plaintiffs' motion, the Defendant has yet to submit the remittance reports for December 2011 through November 2012. Anderson Decl., ECF No. [8-5], ¶ 17 ("Defendant has failed to submit the required remittance reports for the period December 2011 through November 2012 . . . . Without these remittance reports, the Fund is unable to calculate the amount owed by Defendant for December 2011 through November 2012."). The Court is satisfied that the Plaintiffs are entitled to the requested records. Therefore the Court shall order the Defendant to submit the reports to the fund and conduct an accounting for all past-due contributions.

At the request of the Plaintiffs, the Court retains jurisdiction over this matter in order to enter an Order for all contributions, supplemental contributions, interest, and liquidated damages due for the months of December 2011 through November 2012 once these delinquent reports are received, as well as to address any future motion by the Plaintiffs for attorneys' fees and costs. Pl.'s Mem. at 6.

## IV. CONCLUSION

For the foregoing reasons, the Court shall GRANT Plaintiff's [8] Motion for Partial Default Judgment. The Plaintiffs are entitled to remittance reports for the months of December 2011 through November 2012. The Court retains jurisdiction to enter an Order for all contributions, supplemental contributions, interest, and liquidated damages due for the months of December 2011 through November 2012 as well as to address any future motion by the Plaintiffs for attorneys' fees and costs. An appropriate Order accompanies this Memorandum Opinion.

                                               */s/*
                                        **COLLEEN KOLLAR-KOTELLY**
                                        UNITED STATES DISTRICT JUDGE